UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

EDWARD CLAYTON and
DONNA CLAYTON,

       Plaintiffs,

              **Hon. Hugh B. Scott**

       v.           13CV847A

                **Report
&
Recommendation**

AIR & LIQUID SYSTEMS CORP., et al.,

       Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 9). The instant matter before the Court is plaintiffs' motion to remand this case (Docket No. 21[1]). Responses to this motion were due by October 18, 2013, any reply was due by October 31, 2013, and the motion was deemed submitted (without oral argument) on October 31, 2013 (Docket No. 56).

*Dispositive Nature of Motion to Remand*

The United States Court of Appeals for the Second Circuit held that motions to remand are dispositive under 28 U.S.C. § 636(b)(1)(A) for Magistrate Judge jurisdictional purposes. The Second Circuit held that these motions are not "pretrial matters" under that provision and that

---

[1] In support of their motion, plaintiffs submit their Memorandum of Law (with exhibits), Docket No. 22; certificate of service of these papers, Docket Nos 30, 22; their Reply Memorandum, Docket No. 64. In response, Crane Co. submits its Memorandum of Law, the Affidavit of defense counsel with exhibits (plaintiffs' discovery response, and the decision and Order in Holliday v. Crane Co., No. 12-cv-7615 (S.D.N.Y. Aug. 9, 2013)), Docket No. 61.

Magistrate Judge can only render a Report & Recommendation on such motions, reversing precedent in this Court, Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008), rev'g, Williams v. Beemiller, Inc., No. 05CV836, 2006 U.S. Dist. LEXIS 69024, at *3 (W.D.N.Y. Sept. 26, 2006), see Mick v. Glaxosmithkline PLC, No. 08CV386, Docket No. 23 (W.D.N.Y. Aug. 12, 2008) (Scott, Mag. J.) (Report & Rec. at 4), adopted, id., Docket No. 24 (W.D.N.Y. Sept. 2, 2008) (Arcara, J.). Thus, this Report & Recommendation will be issued on plaintiffs' motion to remand here.

## BACKGROUND

This is a personal injury action removed to this Court by defendant Crane Co. (Docket No. 1, Crane Co. Notice of Removal). Plaintiffs filed this action in New York State Supreme Court, suing 42 defendants[2] for injuries plaintiff Edward Clayton suffered from exposure to asbestos during his work life and military service (Docket No. 1).

*Crane Co.'s Removal*

In discovery responding to defendants' interrogatories, they allege that plaintiff Edward Clayton was exposed to asbestos working on defendant Crane Co. products while serving in the U.S. Navy Reserve aboard the U.S.S. Rizzi from 1953 to 1957 and in the U.S. Marine Corps aboard the U.S.S. Breckinridge from 1957 to 1959. Asserting federal officer removal statute, 28 U.S.C. § 1442(a)(1), Crane Co. removed this case to Federal Court for Crane Co. following contractual orders by the Navy (id.).

---

[2]Given the timing and nature of this removal, some of the defendants had not answered or appeared. The Court ordered plaintiffs to list the defendants served in this case (either in this Court or in New York court), Docket No. 54, which plaintiffs timely filed, Docket No. 55, listing 37 of the 42 defendants, see also Docket No. 30 (certificate of service with service rider). Crane Co. also listed defendants who had appeared in state court, listing 24 defendants, Docket No. 53.

2

Federal officer removal requires a defendant to establish that it is a "person" under § 1442, the defendant acted under the direction of a federal officer when engaged in the alleged tortious conduct, there is a causal nexus between plaintiff's claim and defendant's actions under federal direction, and the defendant raised a colorable defense based upon federal law (Docket No. 1, Crane Co. Notice of Removal ¶ 8), Mesa v. California, 489 U.S. 121, 124-25, 129-31, 134-35 (1989). Crane Co. contends that it showed all four elements based upon a federal contractor defense (id. ¶¶ 9-13).

Some of the defendants answered after removal (Docket Nos. 7, Bird Incorporated; 29, McCord Corporation; 33, Amchem Products, Inc.; 34, Dana Companies, LLC, Air & Liquid Systems Corporation; 48, BW/IP, Inc.), while counsel for other defendants appeared. The parties stipulated to dismiss General Electric Co. as a party (Docket Nos. 59 (stipulation), 60 (Order)).

*Plaintiffs' Motion to Remand*

Plaintiffs argue that removal statutes are to strictly construed (Docket No. 22, Pls. Memo. at 3, citing Fyke Trading U.S.A., Inc. v. New England Motor Freight, No. 07CV581, 2008 WL 4443222, at *4 (W.D.N.Y. Sept. 28, 2008) (Skrenty, J.) (diversity jurisdiction alleged); Lopez v. Wells, No. 07 Civ. 10707, 2008 WL 2662018, at *2 (S.D.N.Y. July 7, 2008)). While stating in their discovery responses that Edward Clayton was exposed to asbestos products manufactured by Crane Co. as a millwright, auto mechanic, and electrician in the United States Navy and Marine Corps, they claim that their "responses did not include any further allegations regarding when, where, or how Mr. Clayton was exposed to those products while serving either in the Navy or the Marines" (id. at 1). First, in a subsequent affidavit, Edward Clayton now claims that he was not exposed to any Crane products during his military service but solely as a civilian

3

millwright in Niagara Falls and Buffalo, New York, from 1955 to 1979, thus Crane Co. has no federal government contractor defense and no basis to remove (id. at 2, 3, Ex. 1, Pl. Edward Clayton Aff. of Aug. 26, 2013, ¶¶ 1-3, 5). Edward Clayton claims that he replaced asbestos packing inside Crane Co. valves without a mask or respirator (id., Ex. 1, Edward Clayton Aff. ¶¶ 3-4). Second, plaintiffs deny that Crane Co. has a colorable government contractor defense and that there is no evidence that the Navy would have prohibited Crane Co. from warning about the "ultra-hazardous component part like asbestos" (Docket No. 22, Pls. Memo. at 2). Plaintiffs also point to the judge presiding over the multidistrict litigation pending for asbestos claims holding that similar allegations did not provide federal subject matter jurisdiction (id. at 3-4, Ex. 2, Macknin v. Air & Liquid Sys. Corp., No. 2:12-cv-60169 (E.D. Pa. Nov. 30, 2012), at 1 n.1), rejecting claims that plaintiff was exposed to Crane Co. products while working on a Navy vessel (id. at 4-5). Plaintiffs argue that Crane Co. does not have a defense to plaintiffs' failure-to-warn claim by showing that Navy's specifications or contract terms made it impossible for a contractor simultaneously to comply with those specifications and state law warning requirements to establish a colorable federal defense (id. at 5).

Crane Co. responds that there is a strong presumption in favor of removals under 28 U.S.C. § 1442(a)(1) (Docket No. 61, Crane Co. Response Memo. at 1) and the cases cited by plaintiffs arise from diversity jurisdiction rather than based upon federal party being sued (see id. at 2). Crane Co. terms plaintiff Edward Clayton's affidavit as a post-removal event which cannot divest this Court of removal jurisdiction (id.) and concludes that plaintiffs cannot claim exposures on Navy ships but later deny exposure (and point to later, civilian exposure) (id. at 4). Crane Co. concludes that it established the elements of a government contractor defense (id. at 9-

10; Crane Co. Atty. Aff., Ex. B, Holliday v. Crane Co., No. 12-cv-7615, at 2-4 (S.D.N.Y. Aug. 9, 2013)).

Plaintiffs reply that Crane Co. failed to provide sufficient evidence of a colorable federal defense, or that it acted upon the direction of federal officer to form the basis of removal (Docket No. 64, Pls. Reply). They argue that the case was not removable when Crane Co. moved, since plaintiffs' Interrogatory answer did not state that Edward Clayton was exposed to Crane Co. products on Naval vessels (id. at 2-3). That answer (Docket No. 1, Notice of Removal, Ex. 2, Ans. 17) lists various products and manufacturers (valves and pumps by Crane Co., for example) and attached a schedule (id., Ex. A) of employers Edward Clayton worked at over time.

## DISCUSSION

I.  Standards

    A.  Removal, Remand, and Federal Officer Removal Statute

The parties differ on the which of them bears the burden of showing that this case is properly before this Court rather than in state court. Within that fundamental dispute, the parties further disagree on the amount of proof Crane Co. needs to assert for its government contractor defense to justify this removal, see also Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 777-78 (E.D. Pa. 2010).

A defendant alleging original federal jurisdiction may have the pending state action removed upon notice, filing a notice to remove thirty days from service of the pleading or other paper that suggests federal court jurisdiction, 28 U.S.C. § 1446(b). Removal under 28 U.S.C. § 1441 is narrowly construed. "[T]he original jurisdiction Congress has conferred on federal courts does not generally allow a defendant to remove a suit to federal court on the basis of a

federal defense," Hagen, supra, 739 F. Supp. 2d at 776 (citing Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). Removal is usually based on the well-pleaded complaint. See also Andrew E. Shipley, "Remove Your Case to Federal Court Lesser Known Options," 40 Litig., No. 1 (Fall 2013).

The federal officer removal statute expressly allows a defendant to remove based upon its defense, that it was acting at the direction of a federal officer, id. The federal officer removal statute is a "pure jurisdictional statute . . . [that] grant[s] district court jurisdiction over cases in which a federal officer is a defendant," Mesa v. California, 489 U.S. 121, 136 (1989); Hagen, supra, 739 F. Supp. 2d at 776. Unlike removal of a diversity jurisdiction action or an action based upon a federal law claim without a federal officer involved, removal under the federal officer statute looks to who the defendant is (or is answerable to) and the defense asserted rather than the nature of plaintiff's claims raising federal jurisdiction.

Crane Co. asserts removal based upon acting under color of federal officer, 28 U.S.C. § 1442(a)(1). A civil action may be removed to this Court where the United States, or any agency thereof or any officer "(or any person acting under that officer)" of the United States or any agency thereof "for or relating to any act under color of such office . . . ," id. Removal under § 1442(a) "is not keyed to the original jurisdiction of the federal district court," Ely Valley Mines, supra, 644 F.2d at 1314. The importance of maintaining a federal forum for federal Government officers (and those acting on their behest). The Second Circuit once held that the "'general government' must be able to assure each of its officers that a federal forum will be available if he wishes it, whether others sued with him wish it or no," Bradford v. Harding, 284 F.2d 307, 310 (2d Cir. 1960); Akin, supra, 156 F.3d at 1034. The Supreme Court held that

6

"the right of removal is absolute for conduct performed under color of federal office, and has insisted that the policy of favoring removal 'should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1),'" Arizona v. Manypenny, 451 U.S. 232, 242 (1981) (quoting Willingham v. Morgan, 395 U.S. 402, 407 (1969)); Shipley, supra, 40 Litig. No. 1. As a commentator noted, "the broad construction given this unique removal statute helps ensure that the operations of the federal government are not left in the hands of a state court," Shipley, supra.

Under the federal officer removal statute, the removal need not be consented to by all defendants, Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co., 644 F.2d 1310, 1314 (9th Cir. 1981) (federal officer is the only one entitled to remove under § 1442 without other defendants joining in the petition); Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998) (Docket No. 1, Crane Co. Notice of Removal ¶ 17), unlike removal under other provisions, 28 U.S.C. § 1446(b)(2)(A) (for removal under § 1441(a)).

In order to establish subject matter jurisdiction under § 1442(a)(1), the defendant must show that it is a "person" within the meaning of the statute; that plaintiff's claims are based upon defendant's conduct acting under the direction of a federal officer when engaged in the alleged tortious conduct, there is a causal nexus between plaintiff's claim and defendant's actions under federal direction, and the defendant raised a colorable defense based upon federal law, Mesa, supra, 489 U.S. at 124-25, 129-31, 134-35; Hagen, supra, 739 F. Supp. 2d at 776 (quoting Feidt v. Owens Corning Fibreglas Corp., 153 F.3d 124, 127 (3d Cir. 1998)) (Docket No. 1, Crane Co. Notice of Removal ¶ 8).

The colorable federal defense asserted here is the government contractor defense, which provides that the United States approved reasonably precise specifications; the equipment

7

conformed to those specifications; and the supplier warned the United States of dangers in the use of the product known to the supplier, Boyle v. United Techs. Corp., 487 U.S. 500, 514 (1988); Hagen, supra, 739 F. Supp. 2d at 776.

The burden is upon the party seeking to preserve federal court removal jurisdiction (here, Crane Co.) to show that the requirements for removal were met, see 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure, § 3739, at 424 (Jurisdiction 3d ed. 1998). The Court reviews the Complaint, the Notice of Removal, and the state court record, to determine whether removal was proper, id. at 468.

B. Pleading Standard, Post-Twombly and Iqbal

Thus the plaintiff/defendant pleading roles effectively are switched in the removal under the federal officer removal statute. But does this require heightened pleading by defendant for the removal pleadings more than would be required for an initial complaint under Bell Atlantic v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009)? As another court found regarding one part of the federal officer removal analysis, a "defendant is not obliged to prove that the federal contractor defense will be successful–only that it has some basis in law and fact. See Mesa [supra], 489 U.S. at 128 . . . ('"The validity of the defense authorized to be made is a distinct subject. It involves wholly different inquiries."' (quoting The Mayor v. Cooper, 73 U.S. (6 Wall.) 247, 254 . . . (1868)))," Hilbert v. McDonnell Douglas Corp., 529 F. Supp. 2d 187, 196 (D. Mass. 2008) (remanding case).

The court in Hagen also is persuasive on this point. There, the court held that the term "plausible" in 28 U.S.C. § 1442(a)(1) is used in a different context than is used in Twombly for complaints, 739 F. Supp. 2d at 780 n.9. The Twombly plausibility standard, 550 U.S. at 555, that

8

factual allegations must go beyond the speculative level to withstand a motion to dismiss "seems more exacting than that required by many courts deeming a colorable defense a plausible one when evaluating whether to grant a plaintiff's motion to remand," Hagen, supra, 739 F. Supp. 2d at 780 n.9. As noted by that court, the colorable defense is not an onerous one to establish at this early stage in the litigation, id. at 780, 781-82. The colorable defense element is a statutory limit on federal subject matter jurisdiction and not a constitutional limit, id. at 782. If it is later found that Crane Co. has not sufficiently proved the elements for its government contractor defense, the case can be dismissed under Federal Rule of Civil Procedure 12(h)(3) and remanded to state court under 28 U.S.C. § 1447(c), see Hagen, supra, 739 F. Supp. 2d at 782. Therefore, a heightened pleading of the elements for federal officer removal is not required.

II.     Application

This Court considers, first, the appropriate presumption applicable for removal in this case, second, whether the standard for federal officer removal has been met and, by extension, whether a government contractor defense has been sufficiently asserted for removal purposes, and, finally, whether factually plaintiffs were exposed to asbestos on naval ships in order to have the federal officer removal statute come into play at all.

   A.     Presumption for Removal

On the presumptions regarding removal, the parties differ whether removal is favored for federal officer removal, with Crane Co. arguing that the right to remove this type of case is absolute (Docket No. 61, Crane Co. Memo. at 2), Manypenny, supra, 451 U.S. at 242; Willingham, supra, 395 U.S. 402, and there is no presumption in favor of removal (id. at 6), and

plaintiffs contending generally that removal statutes are to be strictly construed (Docket No. 22, Pls. Memo. at 3).

Generally, plaintiffs are correct in stating that removal statutes are to be construed against removal and in favor of remand, Martropico Compania Naviera S.A. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara (Pertamina), 428 F. Supp. 1035, 1037 (S.D.N.Y. 1977) (citing Shamrock Oil Co. v. Sheets, 313 U.S. 100, 108-09 (1941)). Lopez v. Wells, supra, 2008 WL 2662018, at *2, states that removal jurisdiction is strictly construed because "federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns," In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citation omitted), quoted in Lopez, supra, 2008 WL 2662018, at *2 (diversity jurisdiction alleged).

But this case involves the assertion that one defendant was following orders of a federal officer. As such, given the contrary policy arguments favoring removal of cases involving federal officers (or those following their orders), to federal courts, Hagen, supra, 739 F. Supp. 2d at 777 (broadly construing defendants' ability to remove under § 1442(a)); see Willingham, supra, 395 U.S. at 407, and the strong presumption for removal in such circumstances, the presumption in favor of removal applies here rather than the general presumption against removal.

  B. Remand and Government Contractor Defense

Applying the elements for federal officer removal under § 1442(a)(1), whether Crane Co. is a "person" under § 1442(a)(1) is not disputed; corporations are deemed persons under that statute, Winters v. Diamond Shamrock Co., 149 F.3d 387, 398 (5th Cir. 1998) (Docket No. 61,

10

Crane Co. Memo. at 8-9). Plaintiffs (assuming that their argument regarding whether Edward Clayton's exposure to Crane Co. asbestos products occurred on naval vessels, discussed below, is rejected) dispute that Crane Co. acted under the direction of the Navy in not warning about asbestos products, dispute whether Crane Co. raises a colorable federal defense (here the claimed government contractor defense), and dispute whether Crane Co. sufficiently established a causal nexus between their injuries and Crane's actions under Navy direction (see generally Docket No. 22, Pls. Memo. at 5-20). Two elements, whether Crane Co. acted under the Navy's direction and whether Crane Co. asserts a colorable defense, are interrelated.

        1.        Colorable Government Contractor Defense

Courts have split on the sufficiency of evidence required by asbestos defendants (like Crane Co.) asserting the government contractor defense to support removal, see Hagen, supra, 739 F. Supp. 2d at 777; compare, e.g., Williams v. General Elec. Co., 448 F. Supp. 2d 610, 614-16 (M.D. Pa. 2005) (although construing asserted colorable federal defense liberally, court held there was not proof that defendant acted pursuant to federal officer's orders and unclear defendant could show nexus), and Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 137 (D. Mass. 2009) (cited by plaintiffs, Docket No. 22, Pls. Memo. at 17, and criticized by Crane Co., Docket No. 61, Crane Co. Memo. at 10 n.3, holding defendant failed to prove that the Navy expressly prohibited asbestos warnings by manufacturers), and Miranda v. Abex Corp., No. 08 Civ. 5509, 2008 WL 4778886, at *3 (S.D.N.Y. Oct. 31, 2008) (cited by plaintiffs, Docket No. 64, Pls. Reply Memo. at 2), with Ellis v. Pneumo Abex Corp., 798 F. Supp. 2d 985 (C.D. Ill. 2011) (defendant's affidavits from naval officers and technical manuals established defendant acted pursuant to Navy regulations and showed causal nexus for government contractor defense). This

Court agrees with the Hagen court that Crane Co. need not prove its defense to the level it would at trial; it need only make a colorable showing of this defense to support removal of this case (and to resist its remand at this time), see Hagen, supra, 739 F. Supp. 2d at 781-82. Viewing the facts in the light most favorable to Crane Co., see id. at 783-84, Crane Co. sufficiently alleges (for jurisdictional purposes) that the Navy issued regulations as to the work to be performed by Crane Co. on the Rizzi and the Breckinridge and exercised discretion in approving warnings issued (see Docket No. 61, Crane Co. Memo. at 9 & n.2). To state a colorable defense, Crane Co. need not establish that the Navy dictated that no warnings be issued (see id. at 10).

As Crane notes (Docket No. 61, Crane Co. Memo. at 10-11), plaintiffs' arguments address only their failure to warn claims although they also allege use of asbestos claims (see Docket No. 1, Notice of Removal, Ex. 1, Compl. ¶¶ 57-59 (1st Cause of Action against all defendants), 76-79 (3d Cause of Action against all defendants)). Under that theory, Crane Co. has shown a government contractor defense since the Navy required the use of asbestos parts in its specifications (Docket No. 61, Crane Co. Memo. at 11).

### 2. Causal Nexus

Crane Co. also established the causal nexus between the sale of its equipment to the Navy pursuant to its specifications and plaintiffs' alleged injuries (see id. at 9). Plaintiffs raise a threshold issue whether they now claim exposure from Crane Co. equipment during Edward Clayton's service in the Navy and Marine Corps; that argument is addressed below.

### 3. Summary

Thus, the presumption for removal has been established because Crane Co. asserts that it acted based upon a federal contract with the Navy and this action is causally linked to plaintiffs'

alleged injuries. At this early stage in proceedings, Crane Co. has sufficiently asserted this Court's jurisdiction under 28 U.S.C. § 1442. If, after discovery and further proceedings, Crane Co.'s assertions prove to be baseless, plaintiffs can move to have this action dismissed and remanded to state court under 28 U.S.C. § 1447(c) and Fed. R. Civ. P. 12(h)(3). But this defense and federal jurisdiction is premised on the fact that Crane Co. established that plaintiff Edward Clayton was exposed to Crane's products while on the <u>Rizzi</u> or the <u>Breckinridge</u>.

   C. Plaintiff's Exposure to Asbestos on Naval Vessels

But plaintiffs first raise the issue whether Edward Clayton was in fact exposed to asbestos from Crane Co. products on the <u>Rizzi</u> and the <u>Breckinridge</u> in the 1950s to have the federal officer removal statute available (<u>see</u> Docket No. 22, Pls. Memo. at 3-5, Ex. 1). Crane Co. argues that plaintiffs' discovery responses suggest this exposure occurred on those vessels in the 1950s. Now, plaintiffs allege exposure to Crane Co. products later while on civilian worksites (<u>id.</u>, Ex. 1). If established, this would remove the government contractor defense and the basis for removal to this Court. Crane Co. counters that post-removal events (such as plaintiffs' latest affidavit) cannot divest this Court of jurisdiction, because jurisdiction exists at the time of commencement (Docket No. 61, Crane Co. Memo. at 5), <u>Freeport-McMoran, Inc. v. KN Energy, Inc.</u>, 498 U.S. 426, 428 (1991); <u>see also</u> <u>Purple Passion Inc. v. RCN Telecom Servs., Inc.</u>, 406 F. Supp. 2d 245, 246 (S.D.N.Y. 2005) (changing amount in controversy after removal does not divest court of removal jurisdiction).

Plaintiffs' Complaint alleges exposure to asbestos from Crane Co.'s products (among 41 other defendants) without specifying when or where that exposure occurred. Plaintiffs alleged in their Interrogatory Answer that Edward Clayton was exposed to asbestos from Crane Co.

13

valves and pumps (Docket No. 1, Notice of Removal, Ex. 2, Ans. to Interrog. 17), with a chart response to that Interrogatory listing jobsite-specific exposure history for Mr. Clayton. Combining the two listings (of what products Clayton was exposed to and where he worked) one could find (as Crane Co. alleges in removal, see Docket No. 1, Notice of Motion ¶ 5) that Clayton was an electrician in the Navy Reserve aboard the Rizzi from 1953-57, and an electrician in the Marines aboard the Breckinridge from 1957-59 and, exposed to Crane products therein. This discovery was the earliest indication that federal jurisdiction, through the federal officer removal statute, might exist.

Plaintiffs cannot deprive federal jurisdiction to a defendant who claims that it acted pursuant to federal officer's orders by later alleging that no exposure occurred on a federal installation when they had previously alleged the exact opposite. Again, if proof following discovery establishes that Edward Clayton was not exposed to Crane Co. products while on those vessels, this may be a basis for a renewed motion to dismiss and remand. But plaintiffs in reply refers back to that original Interrogatory answer that did not expressly tie exposure to Crane products during Clayton's service in the Navy and Marines (Docket No. 64, Pls. Reply Memo. at 2-3).

Plaintiffs' Interrogatory answer is general, listing various products, then the manufacturer defendants, and then the attached schedule listing by date of where Edward Clayton worked and was exposed to some asbestos-containing products. The listings did not expressly state that Clayton was exposed to Crane products in 1953-59. Crane Co. concluded that the exposure to its products occurred when Edward Clayton was in the Navy and the Marines on the Rizzi and the Breckinridge by putting these separate listings and reading them together, but the Interrogatory

14

answer itself is not that specific. It raises sufficient suspicion to have Crane Co. file to remove this case but, without more, is not sufficient to continue having federal jurisdiction.

Further, plaintiffs expressly reserved the right to supplement their Interrogatory answer (Docket No. 1, Notice of Removal, Ex. 2, Ans. 17). Plaintiffs' affidavit submitted in their motion to remand (Docket No. 22, Ex. 1), could be seen as that supplementation, where plaintiffs specify which defendants' products were used at what time, to deny use of Crane Co. products on naval vessels. With this supplementation, it is clear that the factual predicate for federal officer removal (that the exposure at issue occurred on Naval vessels constructed at the direction of the Navy) may not have occurred.

III. Summary

While Crane Co. sufficiently alleges the elements for federal officer removal statute, that is all premised on plaintiff Edward Clayton actually being exposed to Crane products while on Naval vessels. Crane Co. has **not** sufficiently alleged, for removal purposes, that plaintiff Edward Clayton was exposed to its products while on the <u>Rizzi</u> and the <u>Breckinridge</u>. Plaintiffs' motion to remand this action (Docket No. 21) thus **should be granted**.

## CONCLUSION

Based upon the above, it is recommended that plaintiffs' motion to remand this case (Docket No. 21) be **granted**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be

supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 13, 2013