UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

EDWARD CLAYTON and
DONNA CLAYTON,

                      Plaintiffs,

      v.                                     **ORDER**
                                                     13-CV-847-A

AIR & LIQUID SYSTEMS CORP.,
et al.,

                      Defendants.

---

      This case is pending on a petition for federal-officer removal pursuant to 28 U.S.C. § 1442(a)(1).  Defendant Crane Co. removed the action from the Supreme Court, State of New York, County of Erie, based upon information that plaintiff Edward Clayton was exposed to asbestos while working with Crane Co. valves and pumps while serving in the United States Navy Reserves aboard the USS Rizzi from 1953 to 1957 and in the United States Marine Corps aboard the USS Breckinridge from 1957 to 1959.  The action was referred to Magistrate Judge Hugh B. Scott under 28 U.S.C. § 636(b)(1) for conduct of pretrial proceedings.

      On September 9, 2013, plaintiffs filed a motion to remand the action to state court for lack of federal subject matter jurisdiction.  Defendant Crane Co. opposed plaintiffs' motion to remand.

      On November 13, 2013, Magistrate Judge Scott filed a Report and Recommendation, Dkt. No. 68, recommending that plaintiffs' motion to remand

the case be granted on the ground that defendant Crane Co. produced insufficient evidence that plaintiff Edward Clayton was exposed to asbestos while working with Crane Co. valves and pumps while serving in the United States Navy Reserves or the United States Marine Corps in response to the motion to remand. Defendant Crane Co. filed objections to the Report and Recommendation on November 27, 2013.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Defendant Crane Co. argues it should not be required to produce trial-quality proof of plaintiff Edward Clayton's exposure to Crane Co.'s valves or pumps to support its removal petition under § 1442(a)(1). Crane Co. also argues that the Report and Recommendation is directly contrary to Judge Scheindlin's ruling in *Levy v. A.O. Smith*, No. 12 Civ. 5152, 2012 WL 2878140 (S.D.N.Y. Jul. 13, 2012), regarding factual notice sufficient to trigger the time to file a removal petition in a similar case. Upon a *de novo* review of the Report and Recommendation, and after carefully reviewing the parties' submissions before the Magistrate Judge and defendant Crane Co.'s objections, the Court adopts the proposed findings of the Report and Recommendation. The Court has considered the arguments of defendant Crane Co. and finds them to be without merit. Further submissions of the parties and oral argument are unnecessary.

Accordingly, for the reasons set forth in Magistrate Judge Scott's Report and Recommendation, plaintiffs' motion to remand the case to state court is granted. In light of the Court's determination that it lacks subject matter jurisdiction, plaintiffs' letter request to schedule an expedited deposition to preserve plaintiff Edward Clayton's testimony, Dkt. No. 71, is denied as moot.

Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall remand the case to New York State Supreme Court, Erie County. The Clerk shall mail a certified copy of this Order to the clerk of the state court. The Clerk shall take all steps necessary to close this case.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: December 12, 2013